```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
CARLTON KNOWLES, on behalf of himself and all                          :
others similarly situated,                                             :
                                                                       :
                                    Plaintiff,                         :
                                                                       :
                -v-                                                    :    24 Civ. 9820 (JPC)
                                                                       :
CLAVEL CORPORATION,                                                    :         ORDER
                                                                       :
                                    Defendant.                         :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

As set forth in the Court's April 3, 2025 Order, Dkt. 13, Defendant's pre-motion letter in this action was filed after Defendant's deadline to respond to the Complaint had passed. The Court directed the parties to file supplemental letters on this issue by April 7, 2025. *Id.* Plaintiff's letter indicates that he "plans to request a Certificate of Default," citing what Plaintiff's counsel views as Defendant's counsel's "pattern of overlooking deadlines and court orders." Dkt. 14. Defendant's letter acknowledges that it "failed to timely file its pre-motion letter," but asks that the Court excuse this deficiency. Dkt. 15.

"Rule 6 of the Federal Rules of Civil Procedure empowers trial courts to extend deadlines, including the time in which a defendant must file a responsive pleading, for 'good cause.' When a party requests an extension after the deadline has passed, that party must also demonstrate that 'the party failed to act because of excusable neglect.'" *Richard v. N.Y.C. Dep't of Educ.*, No. 16 Civ. 957 (MKB) (CLP), 2017 WL 11726144, at *2 (E.D.N.Y. Dec. 15, 2017) (first quoting Fed. R. Civ. P. 6(b) and then quoting Fed. R. Civ. P. 6(b)(1)(B)). The Court construes Defendant's letter, Dkt. 15, as a motion for an extension of time under Rule 6(b)(1)(B). Therefore, the Court must determine whether Defendant has demonstrated that its failure to act was because of "excusable neglect."

"[T]he inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Raymond v. Int'l Bus. Machs. Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "[M]ere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect'" justifying relief. *Id.*

Defendant attributes its belated response to "sloppiness on the part of counsel." Dkt. 15 at 2. Although such an excuse was "in the control of the defendant, [it] is not culpable in these circumstances, especially since there is every suggestion that the error was not made in bad faith." *Richard*, 2017 WL 11726144, at *2. Given that the delay in responding to the Complaint was only one day, the Court sees no resulting prejudice to Plaintiff. Accordingly, after considering the factors set forth above and keeping in mind this Circuit's "strong preference for resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), the Court concludes that granting a retroactive extension of Defendant's deadline to respond to the Complaint is appropriate. The Court extends Defendant's deadline to April 3, 2025, and therefore accepts Defendant's pre-motion letter as timely filed. Counsel for both parties, however, are cautioned that the Court is not inclined to countenance further "sloppy" performances by the lawyers in this case.

Plaintiff shall respond to Defendant's pre-motion letter, Dkt. 12, by April 11, 2025.

SO ORDERED.

Dated: April 8, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge